UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MICAH JOEL AHKEEM IVERSON KELLY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:15-cr-0041-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Government's Emergency Motion in Limine, (ECF No. 53), to which Defendant filed a Response (ECF No. 55). A jury trial on this case is set to begin on Monday, November 30, 2015. (*See* ECF No. 49).

The Government states that Defendant's Notice of Expert Testimony (ECF No. 51), filed today, is the first indication of Defendant's strategy to "challeng[e] the constitutionality of the scheduling of Ethylone as a controlled substance." (Mot. in Lim. 1:22–23, ECF No. 53). Because this issue is "a legal, as opposed to a factual, question," the Government argues that the issue should have been raised as a pretrial motion and cannot be raised before the jury during trial. (*Id.* at 1:23–2:8). As such, the Government requests that the Court preclude Defendant from raising this issue at trial, including calling expert witnesses on the issue. (*Id.* at 1:18–20).

Defendant responds that the stated defense is factual not legal, citing to their trial brief. (Def.'s Resp. 1:19–22). The trial brief, however, fails to provide a basis for bringing this legal issue before the jury. (*See* Def.'s Sealed Trial Br., ECF No. 43).

Further, Defendant argues that the motion has not been waived by not bringing it as a pretrial motion. (*Id.* at 21–26). As explained in a case cited by Defendant's Trial Brief, "[P]ermissive pretrial matters are timely if asserted at or before trial." *U.S. v. Smith*, 866 F.2d

1092, 1096 (9th Cir. 1989).  Further, Defendant cites Federal Rule of Criminal Procedure 12, to indicate that Defendant's motion does not fall within the motions that *must* be made before trial under Rule 12(b)(3).  Here, Defendant is correct that he has not waived his right to bring this issue before the Court because it was not a mandatory defense under Rule 12(b)(3).

Nevertheless, Defendant has failed to substantiate that its defense is factual and not legal; therefore, this issue must still be raised as a motion for the Court to determine rather than a factual issue for the jury to decide. *See, e.g.*, *United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989) (explaining that a due process defense is a question of law, "not an issue for the jury").

**IT IS HEREBY ORDERED** that the Government's Emergency Motion in Limine (ECF No. 53) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that if Defendant chooses to assert this issue in a motion, then a stipulation to continue trial will be granted, and Defendant's motion will be referred to the assigned United States Magistrate Judge for further briefing and a determination on the outstanding legal issue.

**IT IS FURTHER ORDERED** that Defendant's stipulation to continue trial shall be filed before 2:00 pm on Wednesday, November 25, 2015, as this time is the deadline to call off the jury for Monday morning. Defendant's motion shall then be filed by Friday, December 11, 2015.

**IT IS FURTHER ORDERED** that if Defendant does not choose to assert this motion, then the issue will be deemed waived, and trial will continue as scheduled on Monday, November 30, 2015.

**DATED** this 24th day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge