**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 2:15-cr-00041-GMN-NJK |
| vs. | ) | **ORDER** |
| MICAH IVERSON KELLY, | ) | |
| Defendant. | ) | |

This matter is before the undersigned on Defendant Kelly's Motion to Reconsider Detention Order (ECF No. 72), filed January 21, 2016.  The court also considered the Government's Response (ECF No. 74), filed February 5, 2016.  Kelly did not file a reply.

**BACKGROUND**

On February 11, 2015, the United States filed a complaint charging Defendant Kelly with Distribution of a Controlled Substance - Ethylone in violation of 21 U.S.C. § 841(a).  (Compl. (ECF No. 1).)  On February 24, 2015, a federal grand jury returned a criminal indictment charging Kelly with two counts of Possession of a Controlled Substance - Ethylone, and one count of Possession of a Controlled Substance with Intent to Distribute - Ethylone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Trial is currently scheduled to commence on May 2, 2016.  (Order (ECF No. 69).)

The undersigned conducted Kelly's initial appearance on February 11, 2015.  (Mins. of Proceedings (ECF No. 2).)  Kelly requested and was granted a one-day continuance for the detention hearing, which was then conducted on February 12, 2015.  (Mins. of Proceedings (ECF No. 5).)  Kelly was detained, the court finding that

///

> Based on the information as set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds the defendant poses a substantial risk of danger to the community and a substantial risk of nonappearance. The defendant's prior criminal history record reflects three prior felony convictions, a prior misdemeanor conviction, and four prior probation violations or revocations. The Court finds that the defendant has not rebutted the rebuttable presumption and that there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably protect the community against the risk of danger posed by the defendant or assure the defendant's appearance at future court proceedings, accordingly, the defendant is ordered detained pending trial.

(Detention Order Pending Trial (ECF No. 8) at 2.)

Kelly moves for the court to reconsider the detention order, arguing the Government acted in bad faith by obtaining a continuance of the trial date. Kelly further argues that since the time of Kelly's initial detention, the evidence has become overwhelming that ethylone, the drug Kelly is accused of distributing, was not properly scheduled.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3142(f)(2)(B), the court may reopen a detention hearing at any time before trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Courts interpret this provision strictly. *See, e.g.*, *United States v. Ward*, 63 F. Supp. 2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991).[1] The rule requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v.*

---

[1] The rationale for the rule is discussed in *United States v. Flores*, 856 F. Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Id.* at 1406.

*Bowens*, No. CR-07-544-2-PHX-ROS(ECV), 2007 WL 2220501 at *1 (D. Ariz. July 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)).  Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, No. CR-S-08-0263-FCD, 2008 WL 2620380, n.3 (E.D. Cal. July 1, 2008).  This allows new information to be considered in context.  *Id*.

There have been four previous continuances of the trial date, all at Kelly's request.  (Orders to Continue (ECF Nos. 19, 22, 30, 63).)  Kelly points out that on November 24, 2015, both he and the Government announced ready for trial.  On that same date, the defense informed the government that Kelly's defense was that ethylone was not properly scheduled.  On the morning of trial, Kelly decided to continue trial to pursue his defense through a motion to dismiss rather than presenting it to a jury.  The parties agreed upon a briefing schedule, but the Government obtained an extension of the briefing schedule in spite of Kelly's opposition.  (Opp'n to Extension (ECF No. 68); Order (ECF No. 69).)  The parties then stipulated for an extension of time for the Government to respond to the Motion until February 5, 2016, which the court granted.  (Stip. (ECF No. 70); Order (ECF No. 71).)

Kelly now argues, without citing cases in support, that the Government's delay in filing a response justifies his release from pretrial detention.  Kelly also argues that the motion to dismiss the indictment (ECF No. 65) will likely be granted because the DEA did not schedule ethylone, and therefore there is no evidence to support the indictment, and that release from detention is appropriate.

The Government responds that the motion to dismiss presented novel arguments that required it to consult with the DEA regarding procedures used to schedule the drug, and so it requested additional time to brief the issues.  Additionally, counsel was preparing for a trial which eventually was postponed.  The Government denies any bad faith, and argues that the development of the legal defense presented in the motion to dismiss is a question of the weight of the evidence against Kelly that does not have a material impact on the detention question.

/ / /

As to the delay caused by the briefing the motion to dismiss, the court notes that the trial court considered Kelly's opposition to the Government's motion to extend the briefing period, and nevertheless approved the extension and a continuance of the trial date. This court is not persuaded that the government acted in bad faith in obtaining that extension. Although the briefing delay is new information since the initial detention hearing, it is not material to the question of whether there are conditions of release that will reasonably assure Kelly's appearance as required and the safety of any other person and the community.

Kelly's motion to dismiss, which has been opposed by the Government, is currently under consideration by the trial court, and it would be speculative to prejudge its outcome. The undersigned is not persuaded that the information upon which the motion to dismiss is predicated, that is, whether ethylone was properly scheduled as a controlled substance, is new or material at this time to the question of detention. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Of course, if the motion is granted, then the matter may be reconsidered.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant Kelly's Motion to Reconsider Detention Order (ECF No. 72) is **denied without prejudice**.

DATED: February 12, 2016.

---
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**