UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MICAH JOEL AHKEEM IVERSON KELLY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:15-cr-0041-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation (the "R&R") (ECF No. 84) entered by Magistrate Judge Nancy J. Koppe on April 15, 2016, denying Defendant Micah Joel Ahkeem Iverson Kelly's ("Defendant's") Motion to Dismiss (ECF No. 65). Defendant timely filed his Objection. (ECF No. 89). The Government filed a Response agreeing with the R&R without any additional argument and "rel[ying] upon its previously filed pleadings, responses and replies." (ECF No. 92).

I. **BACKGROUND**

On February 24, 2015, an Indictment was entered charging Defendant with two counts of Distribution of a Controlled Substance – Ethylone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Possession of a Controlled Substance with Intent to Distribute – Ethylone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 10). Ethylone is defined in the Indictment as "a Schedule I controlled substance." (*Id.*).

Judge Koppe's R&R thoroughly explains the arguments provided by each party regarding Defendant's Motion to Dismiss, and the Court incorporates that explanation by reference here. (*See* R&R 4:9–8:14, ECF No. 84). Essentially, in his Motion to Dismiss, Defendant seeks to dismiss the Indictment with prejudice because the Drug Enforcement

Administration (the "DEA") failed to "follow statutorily mandated procedures when it attempted to schedule ethylone as a Schedule I controlled substance." (Mot. to Dismiss 1:17–20, ECF No. 65). Defendant argues that the DEA did not consider or make the necessary findings regarding "the statutory factors required to permit ethylone's scheduling." (*Id.* 3:7–8). Further, he asserts that the DEA failed to provide proper notice to the Department of Health and Human Services, and the DEA's "notice and order in the Federal Register were insufficient to schedule ethylone." (*Id.* 3:8–12). Defendant also contends that the DEA acted in an arbitrary and capricious manner by doing "absolutely nothing to research or analyze any of the required factors to temporarily schedule ethylone." (*Id.* 21:21–23).

Moreover, in his Reply,[1] Defendant responds to the Government's application of *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). First, Defendant argues that *Chevron* does not apply to this case because "*Chevron* deference only extends to agency interpretations of regulatory statutes, not to criminal statutes administered by courts." (Reply 2:8–9, ECF No. 78). If *Chevron* applies, however, Defendant urges the Court to find the Controlled Substances Act (the "CSA") to be "ambiguous as to which subsection of schedule I butylone belongs and which isomers of butylone are scheduled." (*Id.* 18:4–5). Defendant then argues that the Court should apply the rule of lenity to resolve that ambiguity in his favor. (*Id.* 5:5–9:26).

In the R&R, Judge Koppe rejected these arguments and recommended denial of the Motion. (R&R 5:12–28). More specifically, Judge Koppe found that *Chevron* applies here, and "the intent of Congress is clear . . . [t]he CSA clearly includes isomers." (*Id.* 10:3, 10:25–26). Judge Koppe then determined that the DEA properly temporarily scheduled ethylone, and "the

---

[1] District courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond. *See, e.g.*, *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996). Here, however, because the Parties stipulated to a Sur-Reply and Final Reply, any new issues are fully briefed.

rule of lenity does not apply." (*Id.* 11:6–15).  Finally, Judge Koppe found that Defendant failed to meet the "heavy burden" of demonstrating that "the DEA acted in an arbitrary and capricious manner in temporarily scheduling ethylone." (*Id.* 11:16–26).

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III.   DISCUSSION

Defendant asserts five objections to Judge Koppe's R&R denying his Motion to Dismiss. (Obj., ECF No. 89).  First, Defendant argues that Judge Koppe erred in denying Defendant's Motion to Dismiss without holding an evidentiary hearing. (*Id.* 5:23–6:15). Second, Defendant contends that the R&R improperly applied *Chevron* deference rather than the rule of lenity. (*Id.* 6:16–8:25).  Third, Defendant argues that the R&R "erroneously expand[ed] Congress's narrow definition of 'isomer.'" (*Id.* 9:1–10:2).  Fourth, Defendant argues that the R&R "misapplie[d] the *Chevron* framework." (*Id.* 10:3–18).  Lastly, Defendant asserts that Judge Koppe erred in not finding the DEA to have acted in an arbitrary and capricious manner. (*Id.* 10:19–11:26).  All of these objections, however, amount to little more than the reassertion of the same arguments presented in Defendant's Motion to Dismiss, Reply, and Final Reply. (ECF Nos. 65, 78, 82).

Having reviewed the record in this case, the Court agrees with the analysis and findings of Judge Koppe in the R&R (ECF No. 84) denying Defendant's Motion to Dismiss and incorporates them by reference in this Order.  Specifically, regarding the first objection, the

Court finds that no evidentiary hearing is proper here. (R&R 9:7–20).  The legal question at issue is the "constitutionality of the scheduling of ethylone as a controlled substance." (*See* Order 1:14–15, ECF No. 57).  As Defendant explained in his Motion to Dismiss, his reason for an evidentiary hearing would be to present evidence that ethylone and buytlone are not the same substance "through the testimony of experts in the fields of chemistry and toxicology." (Mot. to Dismiss 8:11–13).  However, for the purposes of this Motion, it is sufficient that ethylone is an isomer of butylone, which Defendant does not dispute. (*Id.* 7:2).  Accordingly, no evidentiary hearing is necessary, and Defendant's objection is overruled.

Next, the Court finds that Judge Koppe properly applied *Chevron* deference to the DEA's temporary scheduling of ethylone.  *Chevron* applies to determine if a regulation is legitimate, as opposed to the rule of lenity, which applies to the application of a legitimate, although ambiguous law. *See Crandon v. United States,* 494 U.S. 152, 158 (1990) (the rule of lenity "serves to ensure both that there is fair warning of the boundaries of criminal conduct and that legislatures, not courts, define criminal liability.").  Defendant is arguing against the legitimacy of the temporary scheduling of ethylone; therefore, *Chevron* properly applies.

Regarding Defendant's remaining objections, the Court finds the factual findings in the notice and order regarding butylone are sufficient findings for butylone *as temporarily scheduled*, which expressly includes butylone's isomers: "(22) Butylone, its optical, positional, and geometric isomers, salts and salts of isomers." (Final Order 22, Ex. C to Mot. to Dismiss, ECF No. 65-1).  Defendant argues that there is ambiguity as to which subsection (a, b, c, or d) of schedule I that butylone falls under (Obj. 9:14–16), which matters because only subsection c includes all three types of isomers (optical, positional, and geometric).  Because the regulation states, "butylone, its optical, positional, and geometric isomers," the Court finds that butylone was specifically scheduled to include all three types of isomers, rendering irrelevant any question of alleged subsection ambiguity. *See* 28 C.F.R. 1308.11(h)(11).  Further, under

21 U.S.C. § 812, each subsection of schedule I begins by specifically including the controlled substance type's isomers "[u]nless specifically excepted or unless listed in another schedule." 21 U.S.C. § 812(c) (Schedule I(a)–(d)). This statutory inclusion of isomers under each of schedule I's four sections further negates any indication of ambiguity. Finally, because the DEA notified the Secretary of Health and Human Services about butylone, and the DEA's notice and order provided sufficient findings regarding ethylone as an isomer of butylone, the Court finds that Defendant's objection that the DEA acted in an arbitrary and capricious manner is without merit. *See* 21 U.S.C. § 811(h).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 84) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 65) is **DENIED**.

**DATED** this __14__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge